IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OLIVIA SLATER-MARTIN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 25-CV-449-MTS |
| STATE FARM FIRE AND CASUALTY COMPANY, et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand. (Docket No. 25). After considering the parties' briefing on the matter and the applicable caselaw, the Court hereby **GRANTS** Plaintiff's Motion to Remand.

## Background and Procedural History

Plaintiff Olivia Slater-Martin ("Plaintiff") filed this case on July 24, 2025, in the District Court of Rogers County, Oklahoma. (Docket No. 2-1). Plaintiff's Petition, which spans forty-two pages, asserts claims against Defendants State Farm Fire and Casualty Company ("State Farm") and State Farm's captive agent Grant Gingerich d/b/a Grant Gingerich Insurance Agency, Inc. ("Agent") (collectively, "Defendants"). *Id.* She asserts claims for breach of contract and breach of the duty of good faith and fair dealing against State Farm, and a claim for negligent procurement of insurance against the Agent. *Id.* at 31-38. She also asserts a claim for constructive fraud and negligent misrepresentation against both Defendants. *Id.* at 38-41. Plaintiff seeks actual and punitive damages on her claims. *Id.* at 41.

Specifically, Plaintiff alleges that State Farm has developed "a systemic and pervasive [S]cheme . . . throughout Oklahoma, whereby State Farm wrongfully denies claims for wind and/or

hail damage to their insured's covered property." (Docket No. 25 at 1) (citing Docket No. 2-1 at 2-6, 8-9). Plaintiff alleges that State Farm, through its captive agents, sells replacement cost policies "knowing that State Farm never intended to provide full replacement cost coverage for wind and hail claims, regardless of policy language." *Id.* at 10 (citing Docket No. 2-1 at 2-6, 8-9, 14-18, 20-23, 25-27, 30, 32-34, 36-37, 39-41). Plaintiff further alleges that State Farm's captive agents are part of the Scheme as they fail to conduct appropriate inspections knowing full-well that State Farm will never pay to replace a roof. *Id.*

In 2022, Plaintiff purchased an insurance policy "which [the] Agent procured and purported to be for 100% replacement cost coverage." (Docket No. 2-1 at 15, 22-23). Plaintiff alleges that the Agent never conducted a proper inspection of the roof prior to issuing the policy. *Id.* at 16, 23, 36-37. Moreover, in early 2024, "Plaintiff's roof was replaced (prior to the storm at issue) as noted in Plaintiff's Policy Renewal Declarations." *Id*. at 16. While State Farm paid for the repairs, it never inspected the work. *Id.* On May 25, 2024, Plaintiff claims her home was "damaged during a powerful wind and hailstorm[.]" *Id.* at 23-24. She filed a claim with State Farm and after an inspection, State Farm determined the roof was not damaged. *Id.* at 24. Plaintiff appealed and State Farm conducted additional inspections. *Id.* at 25-28. It was eventually determined that there was damage to the roof, but it was pre-existing damage and not the result of "wind forces" from the May 2025 storm.[1] *Id.* at 27-28). As the cost of repairs was less than Plaintiff's deductible, no payment was made.[2] *Id.* at 25.

---

[1] The report states the damage was caused by "self-weight of the roof structure . . . roofing activities, not wind forces" and a noted "construction defect." *Id.* at 27.

[2] The Court notes that it is impossible to glean a concise summary of the facts for the underlying claims from the Motion to Remand. Hoping to find clarity, the Court turned to Plaintiff's forty-two-page state court Petition but was again unable to garner a concise factual summary. As a result, the Court was forced to waste an inordinate amount of time and resources piecing together

State Farm timely removed this action on August 26, 2025.[3] (Docket No. 2). That same date, it also filed an Answer, in which it denies all liability (Docket No. 4), and a Partial Motion to Dismiss.[4] (Docket No. 5). On September 25, 2025, Plaintiff filed her Motion to Remand. (Docket No. 25). State Farm filed its Response to Motion to Remand and Brief in Support on October 16, 2025. (Docket No. 26). On October 30, 2025, Plaintiff filed her Reply in Support of Motion to Remand. (Docket No. 27). As such, this matter is now ripe for review.

## **Legal Standard**

To establish jurisdiction under 28 U.S.C. § 1332(a), "the matter in controversy [must] exceed[] the sum or value of $75,000, exclusive of interest and costs" and be "between . . . citizens of different states." Thus, there must be "complete diversity," which means the citizenship of all

---

the factual summary. *See N.M. Off-Highway Vehicle All. v. U.S. Forest Serv.*, 645 F. App'x 795, 803 (10th Cir. 2016) ("Moreover, we have limited resources, and can ill afford to go on a treasure hunt in the record without doing a disservice to other litigants."), citing *DiCarlo v. Keller Ladders, Inc.*, 211 F.3d 465, 468 (8th Cir. 2000) (admonishing counsel for "wasting th[e] Court's limited resources" by submitting briefs without "even rudimentary citations to the record").

[3] The Court is compelled to address the Notice of Removal filed in this case. (Docket No. 2). The federal removal statute requires the moving party to file a notice of removal that includes "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Rather than complying with the plain language of the statute, however, State Farm opted to file what amounts to a response brief to an anticipated motion to remand. The Notice of Removal cites to district court orders from thirty-five different lawsuits and references deposition testimony from other cases. State Farm also attached impermissible exhibits such as: the insurance declaration page, the insurance policy, excerpts from depositions in other cases, Plaintiff's insurance application, what appear to be claim notes, an order entered by Chief Judge DeGiusti in the Western District of Oklahoma, and a seventeen-page list identifying lawsuits against Allstate, CSAA, State Farm, and "Other Insurers," which involved Plaintiff's attorneys. In the future, State Farm should endeavor to comply with the applicable statutes rather than burdening the Court with imprudent filings.

[4] In anticipation of filing a motion to remand, Plaintiff requested that the Court stay the deadlines associated with State Farm's Partial Motion to Dismiss. (Docket No. 23). On September 16, 2025, the Court granted the unopposed motion staying the deadlines associated with State Farm's motion. (Docket No. 24).

defendants must be different from the citizenship of all plaintiffs. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The burden of establishing jurisdiction lies with the party seeking to assert it. *See Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Prichett v. Off. Depot, Inc.*, 420 F.3d 1090, 1095 (10th Cir. 2005) (citation omitted); *see also Fajen v. Found. Res. Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) ("Removal statutes are to be strictly construed, and all doubts are to be resolved against removal.") (citations omitted). However, the "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection to the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

## **Discussion**

Plaintiff moves to remand this case arguing the Court lacks jurisdiction as the Agent is a non-diverse defendant. (Docket Nos. 25, 27). In support of her claim, Plaintiff cites roughly thirty-four cases from various federal district courts in Oklahoma in which district judges granted a plaintiff's motion to remand. Conversely, State Farm argues that the Agent was fraudulently joined for the sole purpose of defeating diversity jurisdiction. (Docket No. 26 at 15-21). In support of its argument, State Farm cites roughly forty-one cases from various federal district courts in Oklahoma in which district judges denied a plaintiff's motion to remand. While district court orders are potentially persuasive, "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (quotation omitted).

To prove fraudulent joinder, "the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quotation omitted). The burden to prove fraudulent joinder is a heavy one and "all factual and legal issues must be resolved in favor of the plaintiff." *Id.* (quotation omitted). A court "must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." *Nerad v. AstraZeneca Pharm, Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (citation omitted). "A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." *Id.* "This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability[.]" *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967).

State Farm asserts both bases in support of fraudulent joinder. First, it contends that the alleged "Scheme" is a "fiction created to evade federal jurisdiction as demonstrated by the web of allegations in which Plaintiff's counsel have been repeatedly caught." *See* Docket No. 26 at 15. Specifically, it asserts that Plaintiff's counsel have made the same "cookie-cutter" allegations in this case, making it one of the "increasing number of cases against State Farm [] alleging dozens of agents from [] insurance companies made the same misrepresentations and committed identical underwriting failures." *Id.* at 15, 19.

However, because State Farm merely relies on pleadings and arguments and has failed to provide any evidence that Plaintiff's claims are false or fraudulent, the Court need not look beyond the pleadings to determine whether joinder is "[a] sham or fraudulent device to prevent removal." *Whitby v. State Farm Fire & Cas. Co.*, No. 23-CV-00073-GKF-MTS, 2023 WL 11763365, at *3-

*4 (N.D. Okla. Aug. 21, 2023) (citations omitted). The mere fact that similar suits contain similar allegations does not, on its own, demonstrate fraud. *See id.* at *4 (holding that State Farm's reliance on a "side-by-side comparison of cases with similar allegations" did not "demonstrate fraud in the pleadings"). Therefore, this Court will not dismiss Plaintiff's allegations as a "sham" merely because the allegations are similar to those in other cases involving State Farm and its agents. *Id.*

Second, State Farm argues it can demonstrate fraudulent joinder, because Plaintiff has no possible claim against the Agent. (Docket No. 26 at 21-30). Plaintiff alleges the Agent is liable for negligent procurement of insurance and constructive fraud and negligent misrepresentation. The question before the Court is whether Plaintiff would succeed on any of these claims. The Court need look no further than Plaintiff's negligent procurement claim. Oklahoma law provides that an insurance agent "has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla Civ. App. 1999). That is precisely what Plaintiff alleges.[5]

Plaintiff describes in detail the facts surrounding the negligent procurement claim. While not a comprehensive list, she alleges that the Agent failed to use care in securing the policy, failed to disclose the limitations of the policy, failed to perform a reasonable inspection, and failed to disclose to State Farm any pre-existing damage to the property. (Docket No. 2-1 at 36-37). Stated another way, Plaintiff alleges the Agent failed to exercise reasonable care, skill, and diligence in securing the policy. As such, Plaintiff has articulated a cause of action against the Agent upon which she could recover at trial.

---

[5] Given the Court's ruling, the remaining causes of action against the Agent need not be addressed.

Accordingly, the Court finds State Farm has failed to demonstrate fraudulent joinder of the non-diverse Agent in this case. Because State Farm cannot establish diversity jurisdiction, the case must be remanded to state court.

## Conclusion

To be sure, Plaintiff's Petition is poorly written. Rather than setting forth the causes of action in a clear and concise manner, Plaintiff instead takes the reader on a repetitive and meandering journey through a forty-two-page monstrosity that leaves the reader begging for less. However, the quality of the Petition is not at issue. Instead, the issue is whether Plaintiff fraudulently joined the Agent to avoid federal court jurisdiction. Because Plaintiff has articulated a theoretically viable claim against the non-diverse Agent, State Farm cannot establish diversity jurisdiction in this Court. Accordingly, this matter must be remanded.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand (Docket No. 25) is hereby **GRANTED**. The Court Clerk is hereby directed to remand this action to the District Court of Rogers County, Oklahoma.

IT IS FURTHER ORDERED that Defendant State Farm's Partial Motion to Dismiss (Docket No. 5) is **MOOT**.

IT IS SO ORDERED this 8th day of January, 2026.

MARK T. STEELE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT